[No. 8213.   Department One.   November 16, 1909.]

JOHN VAN DYKE, *Respondent*, v. SEATTLE ELECTRIC
COMPANY, *Appellant*.[1]

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $3,700, for personal injuries sustained by a passenger in a collision of street cars, approved by the trial judge, will not be disturbed as excessive, where testimony of equal credibility is conflicting as to whether there was any injury at all, two disinterested physicians testifying to injury to the spine from shock which would likely be permanent, and for which the verdict was hardly compensatory, and two physicians, appointed by the court, testifying that the plaintiff had no serious trouble of any kind.

Appeal from a judgment of the superior court for King county, Albertson, J., entered December 31, 1908, upon a verdict of a jury rendered in favor of the plaintiff, for personal injuries sustained by a passenger in a collision of of street cars.   Affirmed.

*James B. Howe* and *H. S. Elliott,* for appellant.

*Martin J. Lund,* for respondent.

FULLERTON, J.—The appellant owns and operates a street railway in the city of Seattle.   The respondent, while a passenger on one of its cars, was injured, and brought this action to recover therefor.   In the court below the jury returned a verdict in his favor for $3,700.   The trial judge who heard the evidence refused to disturb the verdict, and

[1]Reported in 105 Pac. 137.

judgment was entered in favor of the respondent for the sum named. The railway company appeals from the judgment, and assigns as error that the judgment is excessive.

The respondent was injured by a collision between the car upon which he was riding and another car of the appellant company. He testified, that the shock of the collision threw him forward from his seat to the floor; that in his fall he struck the corner of the seat in front of him, causing a slight abrasion of the skin at the point of contact, but otherwise there was no objective evidence of his injury; that after the collision, he took a car and rode to the place where the car passed nearest his home, and walked the remainder of the way without assistance, a distance of four blocks; that during the night he was taken with severe pains in his side and back, preventing him from sleeping for the remainder of the night; that in the morning he went down to the heart of the city for the purpose of consulting the railway company's physician, again walking the distance from his home to the car line on the way down, and from the car line to his home on his return, without assistance or the aid of crutches; that after he reached home from his visit to the doctor, he was obliged to take to his bed, from which he did not rise until some three weeks thereafter, all the time suffering with severe pains in his side and back; that when he left his bed he was unable to walk without assistance or the use of crutches; and that this was his condition at the time of the trial. The respondent's family physician, and two other physicians called into consultation, testified that the respondent was suffering from an injury to his spine which could be caused, and probably was caused, by shock he received at the time of the accident; further testifying that such injuries were difficult to treat satisfactorily, and were usually more or less permanent.

On the other hand, the appellant offered testimony tending to show that the defendant was shamming in a measure; that his injuries were neither permanent nor consequential;

there being no serious functional trouble of any character. The company's physician testified that his condition at no time departed from normal, and two physicians appointed by the court who examined him just before the trial testified that he had no serious trouble of any kind, and nothing that would be permanent or lasting.

The foregoing, while but a brief outline of the evidence, tends to show how hopelessly conflicting the evidence is, and how utterly impossible it is to reconcile the several statements of the witnesses on any common ground. If the respondent's evidence is true, he was severely injured, and the verdict, instead of being excessive, is hardly compensatory. On the other hand, if appellant's version of his injury be correct, the verdict is grossly excessive, as the amount of the recovery should be but little more than nominal. Which of these conflicting versions is the correct one, this court cannot discern from this record. The witnesses appear to be of equal repute, of equal intelligence, and, outside of the parties in interest, of equal disinterestedness. In such a case the advantage is all with the trier of fact who has the privilege of seeing the witnesses. He can observe their demeanor while on the stand, their manner of testifying, their frankness or lack of frankness—in fact, the many things that tend to discover truth that is hidden in the printed pages of the record. This advantage, it need not be added, was in this instance, with the jury and trial judge, and since they have found with the respondent we feel that we have no warrant to disturb their finding.

The judgment must be affirmed, and it is so ordered.

RUDKIN, C. J., CHADWICK, MORRIS, and GOSE, JJ., concur.